UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lawrence A. Jegen, III, and Thomas F. Sheehan; | ) | C/A No. 6:08-0824-MBS-WMC |
| | ) | |
| William Soto-Beniquez and Juan Soto-Ramirez; | ) | C/A No. 6:08-0825-MBS-WMC |
| | ) | |
| Anthony M. Shea and Michael K. O'Halloran; | ) | C/A No. 6:08-0826-MBS-WMC |
| | ) | |
| Stephen A. Saccoccia and Henry Lombard, Jr.; | ) | C/A No. 6:08-0827-MBS-WMC |
| | ) | |
| Alfred Trenkler and Thomas L. Shay; | ) | C/A No. 6:08-0828-MBS-WMC |
| | ) | |
| Mike Lavallee and Robert Verbickas; | ) | C/A No. 6:08-0829-MBS-WMC |
| | ) | |
| Tomo Razmilovic and David E. Nachman; | ) | C/A No. 6:08-0830-MBS-WMC |
| | ) | |
| Sylvestre Acosta and Paul Skinner; | ) | C/A No. 6:08-0831-MBS-WMC |
| | ) | |
| Archie Joyner and Richard Jason Lapsley; | ) | C/A No. 6:08-0832-MBS-WMC |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1] Plaintiff filed the nine (9) civil actions listed above as "class action" suits

---

[1] Since December, 2007, Plaintiff has filed one hundred and eighty-nine (189) cases, including the present action, with this Court. Over two hundred (200) additional cases have been received from the Plaintiff and are currently being processed.

1

against a variety of defendants. The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief.[2]

## *Pro Se* Review

A review has been made of the *pro se* pleadings pursuant to the Prison Litigation Reform Act (PRLA).[3] This review has also been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*) (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

---

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] It is noted that Plaintiff failed to provide the financial documents necessary to render these cases in proper form. Typically, an order directing the prisoner to submit an Application to Proceed Without Prepayment of Fees and Costs (Form AO-240) and a Financial Certificate would be issued for each case. *See* Procedures In Civil Actions Filed By Prisoner *Pro Se* Litigants, Misc. No. 3:07-mc-5014-JFA. However, as Plaintiff is barred by the "three strikes" rule in the above actions from proceeding *in forma pauperis,* an order directing Plaintiff to submit an application to proceed without prepayment of the fees would be futile.

2

district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

The Plaintiff's claims in the above listed cases are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See*

3

*Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[4]  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records).  *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).  In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee.  28 U.S.C. § 1915(g).  *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger."  *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.").  *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions

---

[4] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

of harm fail to raise a credible allegation of imminent danger). Congress intended that the danger must exist at the time the complaint is filed. Therefore, the "imminent danger" exception does not apply to harms that have already occurred. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F. 3d 883, 884 (5th Cir. 1998).

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term "imminent danger" in two (2) of the above captioned complaints.[5] However, all of the complaints allege some type of threats or mistreatment by the Defendants as follows:

1.   *Riches v. Lawrence A. Jegen, III, and Thomas F. Sheehan* , **C/A No. 6:08-0824-MBS-WMC**.

In this action, Plaintiff claims, "Jegen is embezzling funds at the Indiana University School of Law. During his attorney years, he's guilty of fixing criminal and civil cases with Judges. . . . Now Jegen is threatening, harassing Plaintiffs since Oct 2007 with harm because we are whistle blowing his illegal acts. Plaintiffs seek a restraining order and Preliminary Injunction from him, Plaintiff's are in imminent danger."

2.   *Riches v. William Soto-Beniquez and Juan Soto-Ramirez,* **C/A No. 6:08-0825-MBS-WMC**.

Plaintiff states, "Plaintiff's 6th amendment rights are violated by defendants and FCI Williamsburg Administration over Booker and Fan Fan. Plaintiffs are innocent, and

---

[5] Plaintiff claims "imminent danger" in the following complaints: C/A No. 6:08-824-MBS-WMC; C/A No. 6:08-828-MBS-WMC.

5

Defendants are holding them hostage since Feb 25th, 2003.  Defendants are threatening plaintiffs with death if they walk away from FCI Williamsburg.  Plaintiffs seek a restraining order."

3.  *Riches v. Anthony M. Shea and Michael K. O'Halloran*, **C/A No. 6:08-0826-MBS-WMC**.

In this case, Plaintiff claims, "Defendant's assaulted Plaintiffs on Sep. 24th, 2007.  Plaintiffs are in solitary confinement without due process, Plaintiffs are subjected to isolation abuse.  Cold water, cold trays, cold floors, cold windows, this is torture.  Plaintiffs seek a restraining order and TRO against Plaintiff's aggressors, and Defendant's."

4.  *Riches v. Stephen A. Saccoccia and Henry Lombard, Jr.*, **C/A No. 6:08-0827-MBS-WMC**.

Plaintiff states, "Defendants are conspiring with FCI Williamsburg guards to smuggle cigarettes and narcotics in prison which created a unstable atmosphere with inmates. FCI Williamsburg is out of control violence, threats, extortions, this is a 14th amendment violation.  Plaintiffs seek a TRO/Preliminary Injunction to stop the violence in prison."

5.  *Riches v. Alfred Trenkler and Thomas L. Shay*, **C/A No. 6:08-0828-MBS-WMC**.

Plaintiff claims, "Plaintiff's face imminent danger.  On Sep 2007, the Bureau of Prisons conducted a new security classification.  Plaintiffs are white collar criminals housed with violent rapeists [sic], child molesters, and gang members.  Plaintiffs 8th amendment rights, cruel and unusual punishment were violated on 2-14-07 by defendants.  Plaintiff's seek a preliminary Injunction/TRO against defendants."

6.  *Riches v. Mike Lavallee and Robert Verbickas*, **C/A No. 6:08-0829-MBS-WMC**.

Plaintiff states, "Plaintiffs civil rights were violated by defendants on 1-10-07.  Defendants strip searched Plaintiffs at FCI Williamsburg.  Plaintiff's are subjected to beatings

in solitary confinement by Defendants on 12-13-07, 11-18-07, and 5-22-07. Plaintiff's seek a preliminary Injunction/TRO against defendants."

7.   *Riches v. Tomo Razmilovic and David E. Nachman*, **C/A No. 6:08-0830-MBS-WMC**.

Plaintiff claims, "Plaintiffs 8th/6th/ due process rights are violated by Defendant, B.O.P. Officials, FCI Williamsburg, the food service Administration. Plaintiffs eat no food with nutritional value. Defendants don't serve protein. Plaintiffs food is rotten, under cooked, Plaintiffs get threatened every day by defendants. Plaintiffs seek a restraining order."

8.   *Riches v. Sylvestre Acosta and Paul Skinner*, **C/A No. 6:08-0831-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs 8th amendment rights are violated on 1-23-07, 2-24-07, 5-16-07, 6-28-07, 11-11-07, 12-30-07, and 1-13-08. Plaintiffs are housed by defendant's and FCI Williamsburg over 500 miles away from family, subjected to high phone rates, only make .12¢ a month forced prison labor. Plaintiffs seek a restraining order."

9.   *Riches v. Archie Joyner and Richard Jason Lapsley*, **C/A No. 6:08-0832-MBS-WMC**.

Plaintiff claims, "Plaintiff's right to health care and prison medical care is being violated by defendants. Plaintiffs caught Staph infection at FCI Williamsburg, defendants and doctors won't treat Plaintiffs properly on 10-09-07. Plaintiffs have infectious diseases and have to pay 2 dollars to get medical help, this is unconstitutional. Plaintiffs seek a injunction and free prison medical care."

Although Plaintiff uses the term "imminent danger" in two of the above complaints, the pleadings fail to provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's vague assertions

7

regarding the receipt of threats from many of the Defendants are insufficient to raise a credible claim of imminent danger, *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998), and the "imminent danger" exception does not apply to Plaintiff's claims regarding past mistreatment and assaults. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)). As the instant complaints do not invoke the "imminent danger" exception to § 1915(g), Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases. The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Recommendation

Should Plaintiff fail to pay the filing fees as directed above, it is recommended that the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Plaintiff's attention is directed to the important notice on the next page.

March 24, 2008                                                  s/William M. Catoe
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).